UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Dec 05, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LAWNMOWER ENGINE HORSEPOWER
MARKETING AND SALES PRACTICES LITIGATION (NO. II)     MDL No. 1999

TRANSFER ORDER

     **Before the entire Panel**[*]: Ten of the twelve common defendants[1] have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in either the Southern District of Illinois or the Northern District of Illinois. All responding parties agree that centralization is appropriate, but variously suggest one of the following as transferee district: the District of New Jersey, the Northern District of Ohio, the Eastern District of Texas, the Middle District of Florida or the Eastern District of Louisiana.

     This litigation presently consists of 23 actions listed on Schedule A and pending as follows: two actions each in the Middle District of Alabama, the Northern District of California, the Western District of North Carolina, the Northern District of Ohio and the Eastern District of Texas; and one action each in the Middle District of Florida, the Southern District of Florida, the Southern District of Illinois, the District of Maryland, the District of Minnesota, the District of Montana, the District of Nebraska, the District of New Jersey, the Eastern District of New York, the Southern District of New York, the Eastern District of Pennsylvania, the District of South Dakota and the Eastern District of Tennessee.[2]

     On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Wisconsin will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to whether manufacturers of lawnmowers and/or lawnmower engines conspired to materially overstate and/or fraudulently advertise the horsepower produced by their lawnmower products. The Panel previously denied a motion for transfer

---

[*]   Judge Vratil took no part in the disposition of this matter.

[1]   Sears, Roebuck and Co.; Deere & Co.; Tecumseh Products Co.; Briggs & Stratton Corp.; Kawasaki Motors Corp. U.S.A.; The Toro Co.; Electrolux Home Products, Inc.; The Kohler Co.; Husqvarna Outdoor Products, Inc.; and Platinum Equity, LLC.

[2]   The Panel has been notified that sixteen related actions have recently been filed. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

under Section 1407 brought by plaintiffs in three of 23 actions now before the Panel. *In re: Lawnmower Engine Horsepower Marketing and Sales Practices Litigation*, 571 F.Supp.2d 1372 (J.P.M.L. 2008). In the past four months, however, the litigation has grown considerably, underscoring the need for economies of scale that centralized pretrial management of these actions will provide. *In re FedEx Ground Package Systems, Inc., Employment Practices Litigation (No. II)*, 381 F.Supp.2d 1380, 1382 (J.P.M.L. 2003). Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Given that this litigation involves 39 known purported statewide class actions pending across the United States, many districts would be an appropriate transferee forum. We select the Eastern District of Wisconsin as transferee district, because (1) parties and witnesses are clustered in various Midwestern states, and (2) this district has the capacity to handle this assignment.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Wisconsin and, with the consent of that court, assigned to the Honorable Lynn S. Adelman for coordinated or consolidated pretrial proceedings.

                                              PANEL ON MULTIDISTRICT LITIGATION

                                              _____
                                                     John G. Heyburn II
                                                          Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil[*] | David R. Hansen |
| W. Royal Furgeson, Jr. | |

**IN RE: LAWNMOWER ENGINE HORSEPOWER**
**MARKETING AND SALES PRACTICES LITIGATION (NO. II)**     MDL No. 1999


## SCHEDULE A


Middle District of Alabama

Jesse Crew, et al. v. Sears, Roebuck & Co., et al., C.A. No. 2:08-715
Robert Wright v. Sears, Roebuck & Co., et al., C.A. No. 2:08-759

Northern District of California

Carl Phillips, et al. v. Sears, Roebuck & Co., et al., C.A. No. 4:08-2671
Estaban Marvilla v. Sears, Roebuck & Co., et al., C.A. No. 4:08-3202

Middle District of Florida

Deborah Day v. Sears, Roebuck & Co., et al., C.A. No. 6:08-1478

Southern District of Florida

Jason R. Borras, et al. v. Sears, Roebuck & Co., et al., C.A. No. 0:08-61309

Southern District of Illinois

Ronnie Phillips, et al. v. Sears, Roebuck & Co., et al., C.A. No. 3:06-412

District of Maryland

Kenneth Purce v. Sears, Roebuck & Co., et al., C.A. No. 1:08-2317

District of Minnesota

Jay Moore, et al. v. Sears, Roebuck & Co., et al., C.A. No. 0:08-5021

District of Montana

Kenneth J. Doppler, et al. v. Sears, Roebuck & Co., et al., C.A. No. 9:08-123

District of Nebraska

Eric L. Hunter, et al. v. Sears, Roebuck & Co., et al., C.A. No. 4:08-3170

- A2 -

**MDL No. 1999 Schedule A (Continued)**

      District of New Jersey

William Fritz v. Sears, Roebuck & Co., et al., C.A. No. 3:08-2545

      Eastern District of New York

Scott Hinrichs v. Sears, Roebuck & Co., et al., C.A. No. 2:08-3256

      Southern District of New York

Kevin Bowen, et al. v. Sears, Roebuck & Co., et al., C.A. No. 1:08-7223

      Western District of North Carolina

Matthew J. Baskerville v. Sears, Roebuck & Co., et al., C.A. No. 3:08-385
Thomas Luckman v. Sears, Roebuck & Co., et al., C.A. No. 5:08-95

      Northern District of Ohio

James E. Gallucci, et al. v. Sears, Roebuck & Co., et al., C.A. No. 1:08-1988
Richard L. Immerman, et al. v. Sears, Roebuck & Co., et al., C.A. No. 1:08-2112

      Eastern District of Pennsylvania

David Tshudy, et al. v. Sears, Roebuck & Co., et al., C.A. No. 2:08-3802

      District of South Dakota

Mike Kaitfors, et al. v. Sears, Roebuck & Co., et al., C.A. No. 4:08-4135

      Eastern District of Tennessee

Jack Champion, et al. v. Sears, Roebuck & Co., et al., C.A. No. 4:08-62

      Eastern District of Texas

Gene Bennett, et al. v. Sears, Roebuck & Co., et al., C.A. No. 2:08-344
Phillip A. Hoeker v. Sears, Roebuck & Co., et al., C.A. No. 2:08-350